UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER GREEN, et al., | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:12-cv-2942 |
| | § | |
| DIGCO UTILITY CONSTRUCTION, LP, | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM AND ORDER

Plaintiffs Christopher Green ("Green"), Emile Sexton ("Sexton"), Juana (Perez) Bridges ("Bridges"), and Treena Semien ("Semien") brought this suit alleging that their former employer, Defendant Digco Utility Construction, LP ("Digco"), failed to pay overtime compensation as required by the Fair Labor Standards Act of 1938 ("FLSA" or "the Act"), 29 U.S.C. §§ 201-219. Now pending before the Court is Digco's Motion for Summary Judgment ("Motion"; Doc. No. 16). After considering all of the parties' filings, all responses and replies thereto, all of the evidence presented, and the applicable law, the Court finds that Defendant's Motion should be **GRANTED IN PART** and **DENIED IN PART**.

### I.   LEGAL STANDARD

Under Rule 56, summary judgment is warranted if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Importantly, "the mere existence of *some* factual dispute will not defeat a motion for summary judgment; Rule 56 requires that the fact dispute be *genuine* and *material*." *Willis v. Roche Biomed. Lab.*, 61 F.3d 313, 315 (5th Cir. 1995). Material facts are those whose resolution "might affect the

1

outcome of the suit under the governing law . . . ." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (citing *Anderson*, 477 U.S. at 248). A court may consider any evidence in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). However, conclusory affidavits will not suffice to create or negate a genuine issue of fact. *Reese v. Anderson*, 926 F.2d 494, 498 (5th Cir. 1991); *Shafer v. Williams*, 794 F.2d 1030, 1033 (5th Circ. 1986); *see* Fed. R. Civ. P. 56(c)(4).

The moving party bears the burden of demonstrating that there is no genuine dispute as to any material fact, but it need not negate the elements of the nonmoving party's case. Fed. R. Civ. P. 56(a); *Willis*, 61 F.3d at 315 (citing *Celotex*, 477 U.S. at 322-23); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). If the burden of proof at trial lies with the nonmoving party, the moving party may satisfy its initial burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. However, "[i]f the moving party fails to meet [its] initial burden, the motion must be denied, regardless of the nonmovant's response." *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

Once the moving party has met its burden, the nonmoving party must identify specific evidence in the record and articulate how that evidence supports its claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). Simply resting on the allegations in the pleadings will not suffice. Neither will this burden be satisfied "by 'some metaphysical doubt as to the material

facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075). In deciding a summary judgment motion, the court must draw all reasonable inferences in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255; *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008).

## II. STATUTORY STRUCTURE

"The FLSA requires covered employers to pay nonexempt employees at not less than the minimum wage and at one and one-half times their regular rate for all hours worked in excess of forty (40) during a workweek." *Floridia v. DLT 3 Girls, Inc.*, No. 4:11–cv–3624, 2013 WL 127448, at *2 (S.D. Tex. Jan. 9, 2013) (citing 29 U.S.C. §§ 206(a)(1), 207(a)(1)).[1] Section 216 provides a right of action for employees against employers who violate Sections 206 and 207. In addition, the Act requires employers to maintain records to document compliance with these minimum wage and overtime requirements. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516. Specifically, an employer must maintain records containing the employee's personal identifying information and essential wage and hour information (i.e., pay period and date of payment, basic pay rate, daily and weekly hours, straight time and overtime earnings, additions to and deductions from wages, and total wages paid each pay period). 29 C.F.R. § 516.2.

Therefore, to establish a violation of the FLSA, a plaintiff generally must show: (i) the existence of an employment relationship with the defendant; (ii) that the employee was engaged in commerce, or in the production of goods for commerce, or was employed by an enterprise engaged in commerce; (iii) that the employer had actual or constructive knowledge of overtime worked or wage payments in violation of the FLSA; and (iv) the amount owed. 29 U.S.C. §§ 203(g), 206(a), 207(a).

---

[1] There are exemptions, *see* 29 U.S.C. § 213, but Digco does not claim that any are applicable here. Mot. at 4.

3

However, in cases where the employer fails to keep adequate time records as required, the burden of proof shifts from the employee to the employer. "In such a situation . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88, 66 S. Ct. 1187, 90 L. Ed. 1515 (1946). *See Beliz v. W.H. McLeod & Sons Packing Co.*, 765 F.2d 1317, 1330 (5th Cir. 1985); *Castillo v. Givens, Inc.*, 704 F.2d 181, 194–95 (5th Cir. 1983); *Skipper v. Superior Dairies, Inc.*, 512 F.2d 409, 419–20 (5th Cir. 1975). Thus, an employee need not be exact in the number of hours of overtime. *Perez v. Guardian Equity Mgmt., LLC*, No. H-10-0196, 2011 WL 2672431 at *9 (S.D. Tex. Jul. 7, 2011) (quoting *Monroe v. FTS USA, LLC*, 763 F. Supp. 2d 979, 989 (W.D. Tenn. 2011)). In the absence of rebuttal by defendants, a plaintiff's recollection and estimates of hours are presumed to be correct. *See Mt. Clemens Pottery Co.*, 328 U.S. at 687–88; *Ting Yao Lin v. Hayashi Ya II, Inc.*, No. 08 Civ. 6071, 2009 WL 289653, at *3 (S.D.N.Y. Jan 30, 2009); *Ramirez v. Raptor Tech. Group, Inc.*, No. 5:12-cv-100-Oc-34TBS, 2012 WL 2589256, at *3 (M.D. Fla. June 8, 2012).

An employee is "employed" for purposes of the FLSA during alleged overtime hours if an employer has actual or constructive knowledge that the employee was working. *Newton v. City of Henderson*, 47 F.3d 746, 748 (5th Cir. 1995) (citing *Davis v. Food Lion*, 792 F.2d 1274, 1276 (4th Cir. 1986)). Indeed, the Fifth Circuit has been clear that "[a]n employer who is armed with [knowledge that an employee is working overtime] cannot stand idly by and allow an employee to perform overtime work without proper compensation." *Id.* (internal quotation marks

4

omitted) (quoting *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981)). If, however, "the employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours is not a violation of § 207." *Id.* at 748 (internal quotation marks omitted) (quoting *Forrester*, 646 F.2d at 414).

### III. ANALYSIS

It is undisputed that Plaintiffs were employees of Defendant and are subject to the protections of the FLSA. Mot. at 4-5. The chief issues raised by Defendant are whether Plaintiffs have met their burden to show that Digco failed to pay the overtime compensation required by the Act and that they actually worked overtime hours as alleged. Defendant also claims that it had no knowledge of unpaid overtime work. Finally, Defendant argues that there is no evidence to support Plaintiffs' contention that it willfully violated the FLSA.[2]

In support of its Motion, Defendant has filed weekly time sheets and Earnings History Detail Reports for the period of October 31-December 2, 2010 for Bridges and Sexton. *See* Doc. No. 16-1, Exs. A-B. These documents purport to be records showing the exact hours, including overtime, worked by Bridges and Sexton during this time period, as well as the compensation they received. Defendant also provides an excerpt from its Employee Handbook, which states that "[a]ll overtime work must be authorized in advance by your Manager." Doc. No. 16-1, Ex. L. Defendant argues that Plaintiffs have "provided no evidence that they notified Digco of such hours." Mot. at 14. Finally, Defendant also offers other written discovery materials, including Plaintiffs' responses to Requests for Admission, as well as Defendant's responses to Plaintiffs' Interrogatories, and both parties' Initial Disclosures. *See* Doc. No. 16-1, Exs. C-K, M.

---

[2] Defendant also addresses a claim that it did not keep records as required by the Act. Mot. at 15. As Plaintiffs clarify that they are not making such a claim, Pls.' Resp. to Mot. for Summ. J. at 6 ("Pls.' Resp."; Doc. No. 18), the Court will not consider the issue.

Plaintiffs respond to Defendant's motion with four declarations, one from each of them. In their declarations, Plaintiffs claim that there never was a time-keeping system that recorded when they began and ended work each day contemporaneously. Declaration of Christopher Green ¶ 4 ("Green Declaration"; Doc. No. 18-1); Declaration of Emile Sexton ¶ 4 ("Sexton Declaration"; Doc. No. 18-2); Declaration of Juana Bridges ¶ 6 ("Bridges Declaration"; Doc. No. 18-3); Declaration of Treena Semien ¶ 4 ("Semien Declaration"; Doc. No. 18-4). However, according to the record, all but Bridges also admit to "check[ing] in" with their supervisors when they reported to and left from work each day. Doc. No. 16-1, Ex. C at Nos. 26-27; Doc. No. 16-1, Ex. E at Nos. 10-11; Doc. No. 16-1, Ex. F at Nos. 9-10.[3] Plaintiffs also state that they regularly worked six or seven days each week, for as many as twelve hours each day at times. Green Decl. ¶ 4; Sexton Decl. ¶ 4; Bridges Decl. ¶¶ 4-5; Semien Decl. ¶ 4. Plaintiffs Green, Sexton, and Semien's chief complaint is that, every other week, they were paid for one less day than they worked; that is, every other week, they were paid for ten hours less than they actually worked. Green Decl. ¶¶ 5-6; Sexton Decl. ¶¶ 5-6; Semien Decl. ¶¶ 5-6.[4] While Bridges did not experience the same pattern in underpayment, her chief complaint is that she was regularly underpaid for the overtime hours she worked as well. Bridges Decl. ¶ 7.

---

[3] According to Defendant, the Requests for Admission from Plaintiffs Green and Semien in Exhibits E and F were served upon Plaintiffs' counsel on May 22, 2013 and June 7, 2013 respectively. Further, and also according to Defendant, neither Green nor Semien have responded. Mot. at 1. Neither Green nor Semien have disputed Defendant's account, nor have they provided any other reason or argument as to why these Requests for Admission should not be considered admitted. Therefore, under Federal Rule of Civil Procedure 36(a)(3), the Court will deem all the Requests for Admission in Exhibits E and F admitted.

[4] Defendant makes much of the admissions from each Plaintiff that they were "compensated for hours worked in excess of 40 per work week." Doc. No. 16-1, Ex. C at No. 15; Doc. No. 16-1, Ex. D at No. 15; Doc. No. 16-1, Ex. E at No. 7; Doc. No. 16-1, Ex. F at No. 6. The Court, however, does not read the statement as Plaintiffs admitting that they were compensated for *all* hours worked in excess of forty, only that they were compensated for *some*. Plaintiffs do not deny that they were compensated for some of their overtime work. Pls.' Resp. at 5.

### A. Evidentiary Objections

Plaintiffs object to the Court's consideration of the weekly time sheets, Earnings History Detail Reports, and excerpt from the Employee Manual as being improperly authenticated. The Court agrees with Plaintiffs that these materials are improperly and insufficiently authenticated. It is well settled that only evidence that can be admitted at trial may be considered by a court adjudicating a motion for summary judgment. *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 191 (5th Cir. 1991); *see* Fed. R. Civ. P. 56(c)(2). Federal Rule of Evidence 901 requires that "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). The Fifth Circuit does not require conclusive proof of authenticity. *U.S. v. Jimenez Lopez*, 873 F.3d 769, 772 (5th Cir. 1989). Certain materials and kinds of evidence, fully detailed in Federal Rule of Evidence 902, are self-authenticating.

Defendant submitted an affidavit from its counsel, Monica F. Oathout, which purports to authenticate the records in question. *See* Doc. No. 16-2, Ex. M ¶¶ 2-4, 14. However, not only is Ms. Oathout not identified as a custodian of these records for Defendant, it does not appear that she is even an employee of Defendant's. Rather, she is outside counsel. *See id.* Additionally, Ms. Oathout does not claim to have written, signed, or created the documents herself. While Ms. Oathout claims to have personal knowledge of the documents, it is not at all clear what that knowledge is. *See id.* Moreover, although the weekly timesheets purport to have been initialed by the supervisor, they were not also initialed by the employee, though space is provided for the employee to do so. Nor were any of these materials provided to Defendant in response to discovery requests. In view of all of this, the Court finds that Ms. Oathout's attestations in her affidavit are insufficient to authenticate the weekly time sheets, Earnings History Detail Reports,

and Employee Handbook excerpt. *See R.R. Mgmt. Co., L.L.C. v. CFS Louisiana Midstream Co.*, 428 F.3d 214, 220 (5th Cir. 2005). In addition, none of the materials is self-authenticating. *See* Fed. R. Evid. 902. Without proper authentication, the Court cannot consider the weekly time sheets, Earnings History Detail Reports, and Employee Handbook excerpt submitted as Exhibits A, B, and L to Defendant's Motion.

### B.  Overtime Worked and Wages Paid

The only evidence Defendant offers in support of its claim that Plaintiffs have not shown either that they worked overtime, or that they were properly compensated for the hours they worked is the weekly time sheets and Earnings History Detail Reports. Plaintiffs, however, respond with competent summary judgment evidence regarding the hours they worked and compensation they received. Thus, as an initial matter, because the Court will not consider Defendant's evidence, summary judgment must be denied. Defendant simply has not presented evidence sufficient to show either that it kept accurate records or that there are no genuine issues of material fact as to the hours worked by Plaintiffs or the compensation paid to them.

Even if the Court did consider the weekly time sheets and Earnings History Detail Reports, however, they would hardly suffice to show the hours worked and wages received by *all* of the Plaintiffs during the *entire* period covered by this lawsuit. At best, these documents show the hours worked and wages earned by just two of the four plaintiffs (Sexton and Bridges) for merely one month in the relevant time period (October 31-December 2, 2010), whether that be two or three years prior to the filing of this lawsuit. This is hardly enough to satisfy Defendant's burden to demonstrate that there are no genuine issues of material fact as to the hours worked by Plaintiffs or the compensation paid to them by Defendant. These documents might suggest that it kept accurate employment records, and they might satisfy Defendant's

burden as regarding *only* Sexton and Bridges, and *only* for the time period of October 31-December 2, 2010, but, as explained above, the Court will not credit them because they are not acceptable evidence. As Defendants have failed to carry their burden – with or without the improperly authenticated evidence – the Court must deny summary judgment as to the hours worked and wages received by Plaintiffs.

### C. Prior Knowledge of Overtime Worked

Defendant also argues that summary judgment is warranted because it had no knowledge of any overtime hours worked by Plaintiffs. Mot. at 14-15. In support, Defendant claims that it gave copies of its Employee Handbook to Plaintiffs and purports to offer an excerpt from it. Doc. No. 16-2, Ex. L. The excerpt states that, "[a]ll overtime work must be authorized in advance by your Manager." *Id.* Defendant contends that Plaintiffs provided no such notification. Three of the plaintiffs, on the other hand, clearly state in the declarations submitted with their Response, that they did inform their supervisors that they were working overtime, and were told in response that they "just needed to do what we had to do in order to get the job done," or that "Digco did not want to pay overtime." Green Decl. ¶ 7; Sexton Decl. ¶ 7; Bridges Decl. ¶ 8. Semien has not offered evidence that she reported her overtime hours to her supervisor or any other member of Digco's management.

While, for the reasons stated above, the Court will not credit the excerpt from the Employee Handbook, *see supra*, Section III.A., it does recognize that Defendant need only point out to the Court that there is no evidence or that Plaintiffs cannot supply it, in order to satisfy its burden. Here, Defendant has claimed that there is no evidence that Plaintiffs informed Defendant that they were working overtime. Three of the Plaintiffs, Christopher Green, Emile Sexton, and Juana Bridges, have responded with summary judgment evidence sufficient to create a genuine

issue of material fact regarding this issue. Treena Semien has not responded with sufficient evidence to defeat summary judgment. *See* Pls.' Resp. at 6; Semien Decl. Accordingly, the Court will grant summary judgment as to Plaintiff Semien, but will deny summary judgment as to the other Plaintiffs.[5] *See Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 441 (5th Cir. 2005).

### D. Willful Violation

Finally, Defendant argues that there is no evidence of a willful violation of the FLSA, which would extend the relevant statute of limitations to three years rather than two. *See* 29 U.S.C. § 255(a). Defendant claims that Plaintiffs did not report the overtime hours they worked, nor did they complain about compensation prior to the lawsuit. In support, Defendant cites its answers to Plaintiffs' Interrogatories, in which it claims that Plaintiffs had agreed to work 10-hour shifts, that they did not complain about "calculation" before the lawsuit, that it did not "deliberately attempt to circumvent the Act," that this was the first FLSA complaint it received, that it took "immediate remedial measures" upon receiving the complaint, and that it consulted the U.S. Department of Labor's FLSA compliance literature, as well as the legal department of its parent company, Quanta, regarding FLSA compliance. Doc. No. 16-1, Exs. G-J, Answer to Interrogatory No. 10. Plaintiffs object to the Court's consideration of these interrogatory answers. *See* Pls.'s Resp. at 2. While the Court does find some of the statements in the answer conclusory, such as that Digco took unspecified "immediate remedial measures," the Court need not resolve this objection because, even considering this evidence, the Court believes that summary judgment is not appropriate.

---

[5] Plaintiffs argue that Defendant should be barred from raising the prior knowledge of overtime issue because it did not plead lack of knowledge as an affirmative defense in its Answer. *See* Pls.' Resp. at 6; Defendant, Digco Utility Construction, L.P.'s Original Answer to Plaintiffs' First Amended Complaint ("Answer"; Doc. No. 10). However, the requirement of demonstrating that the employer had either actual or constructive knowledge of the overtime worked is an element which employees must prove, not an affirmative defense to be raised and proved by the employer. *See Newton*, 47 F.3d at 748; *Davis v. Food Lion*, 792 F.2d at 1276-77.

As described above, all of the Plaintiffs but Semien have presented evidence that they did, in fact, report the overtime hours they worked to their supervisors, and also complained to them that they were not compensated appropriately for their work. *See supra*, Section III.C. Moreover, Green and Sexton report that their supervisors told them that they were being paid a salary and "just needed to do what we had to do in order to get the job done." Green Decl. ¶ 7; Sexton Decl. ¶ 7. Bridges reports that she was told that "Digco did not want to pay overtime." Bridges Decl. ¶ 8. It is undisputed that Plaintiffs were paid hourly and were not salaried. *See* Mot. at 4; Green Decl. ¶ 3; Sexton Decl. ¶ 3; Bridges Decl. ¶ 3; Semien Decl. ¶ 3. The Court is satisfied that Plaintiffs have produced enough evidence to raise a genuine issue of material fact as to whether Digco willfully violated the FLSA's overtime requirements. *See Perez*, H-10-0196, 2011 WL 2672431 at *9-*10 (rejecting summary judgment as to willfulness even though the plaintiff had not submitted detailed time records and where there was evidence the defendant had violated its overtime policy). Thus, summary judgment will be denied as to this issue too.

## IV. CONCLUSION

For the reasons stated in this memorandum, Defendant's summary judgment motion is **GRANTED IN PART** and **DENIED IN PART.** Specifically, Defendant's Motion is **GRANTED** with respect to Plaintiff Treena Semien regarding the issue of whether Defendant had prior knowledge of overtime worked. Accordingly, Plaintiff Semien is **DISMISSED** from the case. Defendant's Motion is **DENIED** as to all other Plaintiffs and all other issues.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the twenty-seventh day of November, 2013.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE